Patrick T. FUJIEKI, Petitioner—
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.

No. 02–72043.
Tax Ct. No. 21805–93.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 23, 2003.

Submitted Dec. 23, 2003.

Decided Dec. 29, 2003.

Melvin E. Lefkowitz, Esq., Hogan & Hartson, L.L.P., Washington, DC, for Petitioner–Appellant.

Charles S. Casazza, Clerk, U.S. Tax Court, B. John Williams, Jr., Esq., Gilbert S. Rothenberg, Esq., Judith A. Hagley, Esq., Eileen J. O'Connor, Esq., DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before HUG, TROTT, and WARDLAW, Circuit Judges.

### MEMORANDUM *

The Estate of Paul Mitchell again appeals the Tax Court's judgment valuing 1,226 shares, 49.04% of the available shares, of John Paul Mitchell Systems ("JPMS") at $41,532,600 for estate tax purposes. We remanded this case once before with instructions to conduct a proper valuation assigning the burden of proof to the Commissioner. *Estate of Mitchell v. Comm'r,* 250 F.3d 696, 704–05 (9th Cir. 2001). Because the Tax Court complied with our instructions upon remand, we affirm its decision.

The Tax Court properly placed the burden of proving by a preponderance of the evidence the existence and amount of the deficiency upon the Commissioner. *Estate of Mitchell,* 250 F.3d at 702. We review the factual findings of the Tax Court for clear error. *See Estate of Trompeter v. Comm'r,* 279 F.3d 767, 770 (9th Cir.2002).

The parties do not dispute that the value of JPMS at the moment of Mr. Mitchell's death, discounted by the loss of his services to JPMS, was $135 million. Nor do the parties contest the 29% minority discount for decedent's 49.04% interest. We do not find error in the Tax Court's finding that the "real world" valuation of the whole company already included a discount for lack of marketability and thus only an additional 6% discount should be added to account for the *additional* lack of marketability of a minority interest with significant corporate powers. The ultimate total discount of 35%, which was a combination minority/marketability discount not al-

ready included in the initial $135 million valuation, is not clearly erroneous when the record is considered as a whole. Nor can we say, based upon our review of the entire record, that the Commissioner failed to prove "whether any deficiency exists and if so the amount," *Cohen v. Comm'r,* 266 F.2d 5, 11 (9th Cir.1959), in light of the expert testimony and analyses of JPMS's worth as a closely held corporation and decedent's minority interest therein. *See* Treas. Reg. § 20.2031–2(e), (f). That the Commissioner failed to introduce evidence that precisely supports the additional 6% "lack of marketability due to control" discount does not mean that it failed to meet its burden of proof where it submitted substantial other evidence from which the Tax Court could infer the appropriateness of that discount.

Lastly, the Tax Court complied with our directive to explain adequately its decision-making process. We therefore AFFIRM the judgment of the Tax Court.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.